UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MS HEALTH, INC.,

    Plaintiff,
v.                             Case No. 8:20-cv-2118-T-33AAS

CATHOLIC CHARITIES, DIOCESE
OF ST. PETERSBURG, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Catholic Charities, Diocese of St. Petersburg, Inc.'s Motion for a More Definite Statement (Doc. # 12), filed on October 22, 2020. Plaintiff MS Health, Inc., responded on November 2, 2020. (Doc. # 17). For the reasons set forth below, the Motion is granted.

I. **Background**

From 2010 to 2014, Catholic Charities paid for an annual license of MS Health's proprietary software. (Doc. # 1 at ¶ 6-8). MS Health alleges that Catholic Charities has "gained unauthorized access to MS Health computer code and [has] repeatedly accessed and copied various portions of the proprietary software." (Id. at ¶ 9).

MS Health initiated this action on September 9, 2020.

1

(Doc. # 1). The complaint includes claims against Catholic Charities for copyright infringement (Count I), violations of the Digital Millenium Copyright Act (Count II), breach of contract (Count III), and unjust enrichment (Count VII).[1]

On October 22, 2020, Catholic Charities moved for a more definite statement. (Doc. # 12). MS Health has responded (Doc. # 17), and the Motion is now ripe for review.

## II. Legal Standard

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading . . . [if it] is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are disfavored because the Federal Rules generally require only notice pleadings. Scarfato v. Nat'l Cash Reg. Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993).

Therefore, "[t]he basis for requiring a more definite statement is not that the complaint lacked details but rather that the complaint is unintelligible and the defendant is unable to respond." Riviera Fort Myers Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 2:13-cv-494-FtM-38UAM, 2013 WL 12388599,

---

1. The complaint includes just four counts. (Doc. # 1). However, MS Health appears to have erroneously labeled the fourth count as "Count VII." (Id. at ¶ 31-33).

2

at *1 (M.D. Fla. Aug. 14, 2013). "If a pleading provides sufficient notice of the claim or defense, litigants should obtain additional details through the liberal discovery rules and not through Rule 12(e)." Burnetti v. Westchester Fire Ins. Co., No. 8:18-cv-482-T-23JSS, 2018 WL 7253073, at *2 (M.D. Fla. May 24, 2018) (citation omitted).

### III. Analysis

Catholic Charities argues that MS Health's complaint should be dismissed as a shotgun pleading. (Doc. # 12). MS Health responds that the Motion should be denied because Catholic Charities "has failed to comply with the pre-filing conferral requirement" of Local Rule 3.01(g),[2] "[t]he complaint is not so vague that [Catholic Charities] cannot file an answer," and "[r]epleading is not required merely because each count incorporates the general allegations." (Doc. # 17). Because the Court finds that the complaint is a shotgun pleading, it is dismissed without prejudice.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule

---

2. Even if MS Health is correct that Catholic Charities was required to confer with opposing counsel before filing the instant Motion under Local Rule 3.01(g), M.D. Fla., the Court still concludes that the complaint must be dismissed.

3

12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Catholic Charities argues that the complaint is a shotgun pleading because it falls within the first category

4

identified in Weiland, as "every count of the [complaint] incorporates all preceding paragraphs." (Doc. # 12 at 1). Indeed, Counts II, III, and VII incorporate all preceding paragraphs. (Doc. # 1 at ¶¶ 20, 26, 31). This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint). "Because the [complaint] is a shotgun complaint, repleader is necessary[.]" Madak v. Nocco, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Catholic Charities, Diocese of St. Petersburg, Inc.'s Motion for a More Definite Statement (Doc. # 12) is **GRANTED.**

(2) The complaint is **DISMISSED** without prejudice.

(3) MS Health, Inc., may file an amended complaint by **November 19, 2020.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE