UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MS HEALTH, INC.,**

    **Plaintiff,**

v.                                                      **Case No. 8:20-cv-2118-VMC-AAS**

**CATHOLIC CHARITIES, DIOCESE
OF ST. PETERSBURG, INC.,**

    **Defendant.**
_____/

## ORDER

Catholic Charities, Diocese of St. Petersburg, Inc. (Catholic Charities) request MS Health, Inc.'s damages calculation for the development fee, better answers from MS Health to Catholic Charities' interrogatories 2 and 3, and documents responsive to requests for production 1, 2, and 3. (Doc. 34). Catholic Charities' motion to compel is **GRANTED in part** and **DENIED in part.**

**I.  BACKGROUND**

MS Health sues Catholic Charities for copyright infringement, breach of contract, and violation of the Digital Millennium Copyright Act. (Doc. 24). This court entered a case management scheduling order. (Doc. 21).

On November 24, 2020, Catholic Charities served MS Health with interrogatories and requests for production. (Doc. 34, Exs. A, B). After

obtaining an extension from Catholic Charities, on January 25, 2021, MS Health served its responses. (Doc. 34, Ex. D). On November 30, 2020, MS Health sent its initial disclosures to Catholic Charities. (Doc. 34, Ex. C). On February 15, 2021, Catholic Charities wrote MS Health to address alleged deficiencies in MS Health's responses to Catholic Charities' interrogatories, requests for production, and initial disclosures. (*See* Doc. 34, Ex. E). MS Health offered to produce additional documents and respond to Catholic Charities' letter by March 5, 2021. (Doc. 34, p. 4).

After not receiving any response or updated discovery, Catholic Charities moved to compel the updated discovery. (Doc. 34). In response, MS Health asserted most of Catholic Charities' requests will become moot because it will provide amended discovery responses and requests for production. (Doc. 37). And MS Health also argued Catholic Charities' contention interrogatories are premature. (*Id.* at pp. 2–3). A March 29, 2021 order directed Catholic Charities to address what remains at issue from its motion after a review of MS Health's supplemented discovery responses. (Doc. 38).

Catholic Charities notes four remaining issues: (1) a more detailed damages calculation for MS Health's $500,000 damages for a development fee; (2) amended answers to two interrogatories; (3) documents responsive to three requests for production; and (4) its requests for sanctions, specifically for

attorney's fees incurred in preparing the motion. (Doc. 39).

## II.    LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III.   ANALYSIS

### A.    Initial Disclosures

Although MS Health updated its initial disclosure, Catholic Charities still requests more detail about MS Health's damages calculation for its $500,000 development fee. (Doc. 39, p. 2).

> Federal Rule of Civil Procedure 26(a) provides:
>
> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
> ....
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(a) further provides, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

The defendant cannot calculate or guess the damages the plaintiff requests; instead, the plaintiff must provide, in the initial disclosures, the plaintiff's computation to support the requested damages, and must supplement those initial disclosures as appropriate. *See Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007). "[A]lthough estimates are often necessary in lieu of the precise damage calculation, they do not preclude a party from complying with the rule." *Peninsula Grp. Capital Corp. v. Greater Orlando Aviation Auth.*, No. 6:09-cv-2097-Orl-35GJK, 2010 WL 11507775, at *3 (M.D. Fla. June 17, 2010).

"[T]o comply with the initial disclosure requirements of Rule 26, parties must perform 'some analysis,' and cannot rely on general statements." *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *2 (S.D. Fla. Feb. 28, 2008) (citing *McBride v. Coats*, No. 8:06-cv-1490-T-24EAJ, 2007 WL 3144028, *1 (M.D. Fla. Oct. 24, 2007)).

MS Health's amended initial disclosures for its damages fail to meet the requirements of Rule 26. Catholic Charities are entitled to more detail for MS Health's development fee damages computation. *See Ilerol Trucking, Inc. v. FedEx Ground Package Sys., Inc.*, No. 07-22817-CV-HUCK, 2008 WL 750008, at *1 (S.D. Fla. Mar. 19, 2008) (compelling plaintiff to respond to interrogatory requesting "a detailed damages calculation including the total amount sought, the factual basis for the amount and a description of the documents upon which the calculation was based"). Thus, Catholic Charities' motion to compel MS Health to provide a computation of its $500,000 development fee in damages is granted.

B.  **Interrogatories**

After receiving amended responses, Catholic Charities request MS Health amend its responses to Interrogatories Nos. 2 and 3.[1] (Doc. 39, pp. 2–

---

[1] Although MS Health objected to the interrogatories as premature contention interrogatories, MS Health answered the interrogatories. "[C]ontention interrogatories constitute a valid and constructive discovery tool when used

6).

**Interrogatory No. 2**: Describe the factual basis for your allegation in paragraph 10 of the Complaint that CCDOSP unlawfully accessed, copied, and modified significant portions of MS Health's proprietary software for its own personal gain, including but not limited to the dates on which the alleged activity by CCDOSP occurred.

**ANSWER**: Plaintiff specifically objects to this interrogatory on grounds that it constitutes a premature contention interrogatory discovery has just been initiated and Plaintiff has not yet gathered all of the facts and information that will be used to support its claims, and has not yet received information from Defendant that may also be used to support these claims. Because answers to contention interrogatories are due at the close of discovery, Plaintiff will supplement this response at an appropriate time. Notwithstanding the forgoing objections, Plaintiff states that a CCDOSP employee contacted us about needed to entry data in MS Health and another employee sent an email that CCDOSP was infringing Plaintiff's copyrighted software in 2017-2020.

**First Supplemental Response**: Plaintiff hereby retracts the phrase "[n]othwithstanding the forgoing objections." Moreover, please see the voicemails from Jeanne Coulter and e-mail from Marc Fregona produced on March 24, 2021.

**Interrogatory No. 3**: Describe the factual basis for your allegation in paragraph 13 of the Complaint that CCDOSP "produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed MS Health's protected works or derivatives, without consent," including but not limited to the dates on which the alleged activity by CCDOSP occurred.

**ANSWER**: Plaintiff specifically objects to this interrogatory on grounds that it constitutes a premature contention interrogatory

---

correctly." *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-CV-694-FtM-29SPC, 2014 WL 12904172, at *2 (M.D. Fla. June 25, 2012).

>discovery has just been initiated and Plaintiff has not yet gathered all of the facts and information that will be used to support its claims, and has not yet received information from Defendant that may also be used to support these claims. Because answers to contention interrogatories are due at the close of discovery, Plaintiff will supplement this response at an appropriate time. Notwithstanding the forgoing objections, Plaintiff states that the CCDOSP url is publicly available and two employees contacted Plaintiff and told it about MS Health's copyright infringement and how the software was being used.
>
>**First Supplemental Response**: Plaintiff hereby retracts the phrase "[n]othwithstanding the forgoing objections." Moreover, please see the voicemails from Jeanne Coulter and e-mail from Marc Fregona produced on March 24, 2021.

(Doc. 39, Ex. 1).

Catholic Charities argue MS Health's supplement provides no additional facts, and Catholic Charities argue that MS Health has more details it refuses to provide. (Doc. 39, pp. 4–6). Even though Catholic Charities may want more information, that does not mean that MS Health has more information. MS Health has sufficiently responded to the interrogatories. MS Health also noted discovery is ongoing. (*See* Doc. 37, p. 3). If MS Health acquires more information responsive to these interrogatories, MS Health must supplement its answer. *See* Fed. R. Civ. 26(e)(1) (requiring parties to supplement not only initial disclosures but also responses to discovery requests). Thus, Catholic Charities' motion to compel better responses to these two interrogatories is denied.

7

### C.   Requests for Production

After receiving document production from MS Health, Catholic Charities identify only three requests for production as still at issue. (Doc. 39, p. 6).

> **Request for Production No. 1**: Documents supporting your allegation that you have a copyright in the "proprietary licensed software" referenced in the Complaint.
>
> **Request for Production No. 2**: Communications between MS Health and the United States Copyright Office related to your copyright for the "proprietary licensed software" referenced in the Complaint.
>
> **Request for Production No. 3**: Your application for a copyright in the "proprietary licensed software" referenced in the Complaint.

(Doc. 34, Ex. A). MS Health stated it would "produce responsive, non-privileged documents within its possession, custody or control." (Doc. 34, Ex. D). With the amended discovery responses, MS Health provided a two-page document titled "Unofficial Certificate Preview." (Doc. 39, Ex. C). Catholic Charities argue this two-page document does not satisfy the requests. (Doc. 39, p. 7). The requests for production are relevant because MS Health sues Catholic Charities for copyright infringement. MS Health's two-page document does not sufficiently respond to the requested category of documents and nowhere does MS Health indicate that it does not have responsive documents. Thus, Catholic Charities' motion to compel requests for production numbers 1, 2, and 3 is granted.

8

### D.   Request for Attorney's Fees

Because Catholic Charities' motion to compel is being granted in part and denied in part, the court may exercise discretion on whether the non-moving party will pay the moving party's reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(C). Upon review of the papers, the court finds each party will be responsible for its own attorneys' fees and costs incurred with this motion.

### IV.   CONCLUSION

Catholic Charities' motion to compel (Doc. 34) is **GRANTED in part** and **DENIED in part**. No later than **April 23, 2021,** MS Health must provide more detail in its initial disclosures for its development fee damages calculations and provide documents responsive to Catholic Charities' requests for production numbers 1, 2, and 3.

**ORDERED** in Tampa, Florida on April 9, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge